# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**NAEEM BETZ**
4244 HILDRETH ST. SE
WASHINGTON, D.C. 20019-9998

**PRO SE / PLAINTIFF**

**VS.**

**(DCI) DIVERSIFIED CONSULTANTS INC.**
10550 DEERWOOD PARK BLVD.
SUITE # 309
JACKSONVILLE, FLORIDA 32223

**DEFENDANTS / RESPONDANTS**

**VERIFIED COMPLAINT FOR DAMAGES, STATUTORY, PUNITIVE, ACTUAL, FEES AND EXPENSES, COSTS, AND OTHER RELATED RELIEF**

**JURY TRIAL DEMANDED 12 JURORS**

Case: 1:17-cv-02457
Assigned To : Mehta, Amit P.
Assign. Date : 11/15/2017
Description: Pro Se Gen. Civil

**COMES NOW,** the Plaintiff Naeem Betz complaining of the Defendant and as follows;

I.                    **VERIFIED COMPLAINT**

### NATURE OF ACTION

1. Plaintiff, Naeem Betz, individually, hereby sues Defendant(s), (DCI) Diversified Consultants

Inc., for violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 et seq.,

**ORIGINAL VERIFIED COMPLAINT**
~ 1 ~

RECEIVED

NOV 15 2017

Clerk, U.S. District and
Bankruptcy Courts

**II.**                    <u>**PRELIMINARY STATEMENT**</u>

2. This is an action for damages and injunctive relief brought by Plaintiff Naeem Betz against

Defendant(s) (DCI) Diversified Consultants Inc. for violations of the Telephone Consumer

Protection Act (TCPA) 47 USC § 227(c)(5).

3. Upon belief and information, Plaintiff contends that many of these practices are widespread

for the Defendant. Plaintiff Naeem Betz intends to propound discovery to Defendant (DCI)

Diversified Consultants Inc., identifying all telephone numbers used / number of times called in

placing or making telephone calls to consumers like Plaintiff Naeem Betz cellular telephone in

direct violation of (TCPA) 47 USC § 227(c)(5), (FTC) National Do Not Call Registry.

4. Plaintiff contends that the Defendant have violated such laws by repeatedly harassing Plaintiff

by calling his wireless telephone number ending in 8063 which is registered on the (FTC) National

Do Not Call Registry since April 22, 2012. Anyone whose numbers are registered on the DNC list

that has received two telemarketing calls within a twelve-month period can sue for all calls

including the first. It does not matter if calls are live, pre-recorded or robo calls. The DNC

provision is a powerful section of the TCPA because it prohibits calls to both cell phone and

residential lines, which are registered on the federal or company specific do-not call lists. It is not

necessary to prove the telemarketer used an ATDS or used artificial or pre-recorded voice

messages. Live calls to numbers registered on the DNC are prohibited.


**III.**                    <u>**JURISDICTION AND VENUE**</u>

5. Jurisdiction of this Court arises under Telephone Consumer Protection Act, ("TCPA")

47 U.S.C. §227(3)(C) et seq. Federal Question Jurisdiction 28 U.S.C. § 1331. Supplemental

**ORIGINAL VERIFIED COMPLAINT**
~ **2** ~

1   jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. See Mims v. Arrow Fin.

2   Servs., LLC, 132 S. Ct. 740, 745 (2012).

3   6.  Venue is proper pursuant to 28 U.S.C. §1391(b)(2). (b)Venue in General. —A civil action

4   may be brought in— (2) a judicial district in which a substantial part of the events or omissions

5   giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

6   situated.

7   **IV.**                                     **PARTIES**

8   7.  Plaintiff, Naeem Betz, is a natural person and is a resident of the District of Columbia,

9   Washington which is the Federal District Capital of the United States of America.

10   8. Upon information and belief Defendant, (DCI) Diversified Consultants Inc, is a business

11   specializing in accounts receivable management functions primarily for telecom and cable

12   providers and their affiliated billing and business partners located throughout the United States of

13   America.

14   9. Upon information and belief Defendant (DCI) Diversified Consultants Inc. is a business

15   offering services which include both first and third party collections.

16   10. Upon information and belief, Defendant Diversified Consultants Inc., is a Florida

17   Corporation with a principal place of business in Duval County, Florida.

18   **V.**                                 **LEGAL BASIS FOR THE CLAIMS**

19   12. The Federal Communications Commission plays a crucial role in helping consumers stop

20   unwanted calls and text messages. Under the Telephone Consumer Protection Act, the FCC

21   provides clarity on the law, sets rules, takes enforcement actions, and provides resources for

**ORIGINAL VERIFIED COMPLAINT**
**~ 3 ~**

1  consumers.

2  **Federal**
3  **Communications**
4  **Commission**

5
6  Consumer Help Center

7  Rules and Resources for Dealing with Unwanted Calls and Texts
8
9  Consumers can take back their permission to be called or texted in any reasonable way.
   A calling company cannot require someone to fill out a form and mail it in as the only
10  way to revoke consent.

11  *"See Attached Exhibit D – (FCC) Federal Communications Commission - Consumer Help*
12
   *Resources Know your Rights: The Rules on Robocalls and Robotexts."*
13
14  Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of

15  consumer privacy and a risk to public safety. The TCPA and the Federal Communications

16  Commission's ("FCC") implemented rules to prohibit: (1) making telemarketing calls using an

17  artificial or prerecorded voice to residential telephones without prior express consent; and (2)
18
19  making any non-emergency call using an automatic telephone dialing system ("ATDS") or an

20  artificial or prerecorded voice to a wireless telephone number without prior express consent.

21    13. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must

22  be in writing. Calls that include non-marketing messages require consent, but not written consent.

23  The TCPA grants consumers a private right of action, with a provision for ($500) or the actual
24
25  monetary loss in damages for each violation, whichever is greater, and treble damages ($1500) for

26  each willful or knowing violation, as well as injunctive relief.

27

28
                    **ORIGINAL VERIFIED COMPLAINT**
                              **~ 4 ~**

14. Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA. The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is nearly any dialing system, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods.

15. In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order. The Order defines an "auto-dialer" as equipment/software that has the future capacity to dial randomly or sequentially. "In other words, the capacity of an auto dialer is not limited to its current configuration but also includes its potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using the device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually...using those functionalities to place calls" at the time.

Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

16. The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to

**ORIGINAL VERIFIED COMPLAINT**
~ 5 ~

make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

17. Furthermore, the TCPA established the National Do-Not-Call List and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." Id. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. Id. At § 64.1200(d)(3),(6). Any company or someone on the company's behalf, who calls a member of the company IDNC is liable to that person under the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

18. Finally, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCCR cd. 559, 565, ¶ 10 (Jan. 4, 2008); Birchmeier v. Caribbean Cruise Line, Inc., 2012 WL 7062748 (Dec. 31, 2012). Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

**ORIGINAL VERIFIED COMPLAINT**
**~ 6 ~**

**VI.**                            **FACTUAL ALLEGATIONS**

19. From August 11th, 2017 to September 11th, 2017 (DCI) Diversified Consultants Inc.

violated the TCPA by calling Plaintiff(s) Naeem Betz cell phone 202-XXX-8063,

"12" plus times from the telephone number **(202-844-5386), 202-844-5306, 202-844-5408, 202-844-5286, 202-844-5338, 202-844-5274, 202-844-5351**. Defendant(s) (DCI) Diversified

Consultants Inc., has demonstrated willful or knowing noncompliance with 47 USC § 227(c)(5) by

calling Plaintiff Na'eem Betz wireless telephone number 202-XXX-8063 at least "12" plus times

which is registered on the National Do Not Call Registry (DNC) since April 22,2012. Plaintiff's

number, which is assigned to a cellular telephone service and is charged for monthly telephone

usage and other communication services. These calls caused emotional damage, extra electricity

usage, extra battery usage and were a direct invasion of privacy to Plaintiff Naeem Betz. The

Defendant(s) actions caused lost time, aggravation, and continued distress. The Defendant never

disclosed or identified who they were and what business entity was initiating or making these

unauthorized calls to Plaintiff cell phone. The Defendant(s) called Plaintiff wireless telephone

from seven similar telephone numbers. Plaintiff discovered after a calling the seven similar

numbers back that they all had a 202-844 number pattern in common. Plaintiff also noticed an

identical numerical digit sequence relating to the first six digits (202-844-52 or 202-844-53). Upon

dialing all seven numbers back Plaintiff recorded the artificial / prerecorded message announcing,"

THANK YOU FOR CALLING DIVERSIED CONSULTANTS, YOUR CALL MAYBE

MONITERED OR RECORDED". The artificial or prerecorded message announced the same

greeting in Spanish as well.

20. Plaintiff Naeem Betz is the regular carrier and private user of the cellular telephone assigned

the number ending in 8063. These calls caused emotional damage, extra electricity usage, extra

**ORIGINAL VERIFIED COMPLAINT**
~ **7** ~

battery usage and were a direct invasion of privacy to Plaintiff Naeem Betz. By making the

telephone calls at issue in this Verified Complaint, Defendant caused consumer Plaintiff Naeem

Betz actual harm, including the aggravation, nuisance, and invasion of privacy that directly

accompanies the receipt of unsolicited and harassing cellular telephone calls. Defendant(s) calls

constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

Plaintiff Naeem Betz did not provide Defendant(s) with prior express written consent or prior

express consent to place calls to his cellular telephone.

*"**See Attached Exhibit A - The email confirmation sent from the (FTC) Federal Trade**
**Commission Verify@donotcall.gov to Plaintiff Naeem Betz confirming cellular telephone**
**registry on the (FTC) National Do Not Call Registry on a number ending in 8063 on**
**April 22, 2012.*" "*See Attached Exhibit B - Screenshots of Cellular Telephone Call Records*"*
*"**See Attached Exhibit D – (FCC) Federal Communications Commission - Consumer Help**
**Resources Know your Rights: The Rules on Robocalls and Robotexts.*"*
*"**See Attached Exhibit C – Response Letters emailed to Plaintiff Naeem Betz from Diversified**
**Consultants Inc., by way of the (CFPB) Consumer Financial Protect Bureau, (BBB) Better**
**Business Bureau from Plaintiff(s) consumer initiated complaints*".*

21. The Defendant(s) Diversified Consultants Inc., compliance analyst *__admitted__* on corporate

letterhead to calling Plaintiff(s) wireless telephone number on October 18, 2017 *"See Attached*
*Exhibit C".*

22. Upon information and belief the Defendants never scrubbed Plaintiff(s) wireless telephone

against the TCPA established National Do-Not-Call List which also mandates all businesses that

place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R.

§ 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made

**ORIGINAL VERIFIED COMPLAINT**
**~ 8 ~**

by or on behalf of that [seller]." Id. The TCPA prohibits a company from calling individuals on its

IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those

individuals' phone numbers are not on the National Do-Not-Call Registry. Id.

At §64.1200(d)(3),(6). The called party is then entitled to bring a private action under the TCPA

for monetary and injunctive relief.

23.Upon and information and belief the Defendant willfully and knowingly called Plaintiff

wireless phone "12" plus times from seven similar numbers with the first six digits repeating in

sequence while never leaving a message to identify the true nature of these illegal telephone calls

or the alleged other consumer they were soliciting for. ***See Attached Exhibit C – Response***

***Letters emailed to Plaintiff Naeem Betz from Diversified Consultants Inc., by way of the***

***(CFPB) Consumer Financial Protect Bureau, (BBB) Better Business Bureau from Plaintiff(s)***

***consumer initiated complaints". "See Attached Exhibit B*** - **Screenshots of Cellular Telephone**

**Call Records from Diversified Consultants Inc".**

**24. Telemarketing Calls to "Do-Not-Call" … "DNC" Numbers Prohibited – 47 USC**

**227(c)(5). This section only applies to telephone solicitation calls. Anyone whose numbers are**

**registered on the DNC list that has received two telemarketing calls within a twelve-month**

**period can sue for all calls including the first. It does not matter if calls are live, pre-**

**recorded or robo calls.**

**25. The DNC provision is a powerful section of the TCPA because it prohibits calls to both**

**cell phone and residential lines, which are registered on the federal or company specific do-**

**not call lists. It is not necessary to prove the telemarketer used an ATDS or used artificial or**

**pre-recorded voice messages. Live calls to numbers registered on the DNC are prohibited.**

**ORIGINAL VERIFIED COMPLAINT**
**~ 9 ~**

The best part about DNC violations from the consumer perspective is that the Sixth Circuit Court

of Appeals has held that damages under this section may be stacked on top of the TCPA 227(b)

section covering "calls to cell phones." This means that the consumer can get up to $3000.00 per

call for violations of the cell phone prohibitions and the DNC provisions. Charvat v NMP, LLC,

656 F. 3d 440 (6th Cir. 2011).

26. TCPA Damages: According to the TCPA, as codified in 47 U.S.C. § 227, an individual or

entity has a private right of action to bring an action based on a violation of a subsection of the

Act. (47 U.S.C. § 227(b)(3) (calls to a cell phone / wireless telephone). An individual or entity

may bring an action to enjoin such violations, for monetary loss for such violations, for $500.00

for each such violation, whichever is greater, or for both injunction and damages.  If the court

finds that the defendant willfully or knowingly violated the regulations under the TCPA, the court

may, in its discretion, increase the amount of the award to an amount equal to not more than 3

times the amount of the statutory compensatory damages above.

27. The body of case law addressing the available damages for a plaintiff suing under a TCPA

private right of action reflects the general rule that where the court finds that the defendant caller

has violated a subsection of the Act, it will at least award to the plaintiff $500 per violation as

required by the Act.

28. Furthermore, when the facts of the specific case rise to the level of showing a knowing or

willful violation of the Act, the court will, in its discretion and within its jurisdiction, also award

exemplary or treble damages that may be as much as three times the damages award. In

determining willfulness, the court looks at whether the defendant's actions show its knowledge of

the facts that constitute the offense (knowing); at the prior interactions between the plaintiff and

**ORIGINAL VERIFIED COMPLAINT**
**~ 10 ~**

the defendant; and at whether the defendant attempted to stall, evade or avoid its obligations under the TCPA.

29. Willful and Knowing: Treble Damages One of the best arguments for trebling damages is the standard set forth in 47 USC § 312 F, Administrative sanctions, which is part of the same section of the United States Code that the TCPA falls under.

(f) "Willful" and "repeated" defined

For purposes of this section:

(1) The term "willful", when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this chapter or any rule or regulation of the Commission authorized by this chapter or by a treaty ratified by the United States.

(2) The term "repeated", when used with reference to the commission or omission of any act, means the commission or omission of such act more than once or, if such commission or omission is continuous, for more than one day.

30

31. Courts may treble the damages award if the court finds that defendant's violations were committed "willfully or knowingly." 47 U.S.C. § 227(b)(3). Although neither the TCPA nor the FCC regulations define the terms "willfully or knowingly", courts have generally interpreted willfulness to imply only that an action was intentional. Smith v. Wade, 461 U.S. 30, 41 n.8 (1983). While the TCPA does not define willful, the Communications Act of 1943, of which the TCPA is a part, defines willful as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation." In Dubsky v. Advanced Cellular Communications, Inc., No. 2008 cv 00652, 2004 WL 503757, at * 2 (Ohio Com. Pl. Feb.

**ORIGINAL VERIFIED COMPLAINT**
**~ 11 ~**

24, 2004), the court found that in the context of the TCPA, the term acting "willfully" means that "the defendant acted voluntarily, and under its own free will, regardless of whether the defendant knew that it was acting in violation of the statute." 47 U.S.C.§ 227(b)(3).

32. The TCPA defines an ATDS as "equipment which has the capacity — (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In a 2015 order, the FCC held that the "TCPA's use of `capacity' does not exempt equipment that lacks the `present ability' to dial randomly or sequentially," and that "the capacity of an autodialer . . . also includes its potential functionalities." See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 F.C.C. Rcd. 7961, 7974 (July 10, 2015) ("2015 Order").

33. **The list of the "12" plus "INCOMING" Cellular Telephone Calls placed by the Defendant (DCI) Diversified Consultants Inc.**

**1. (202-844-5286)**

**1. Wednesday, August 30, 2017 at 11:11am**

**2. Friday, September 8, 2017 at 10:58am**

**3. Monday, September 11, 2017 at 11:16am / voicemail**

**2. (202-844-5386)**

**1.  Friday, August 11, 2017 at 4:16pm**

**2.  Thursday, September 7, 2017 at 12:03pm**

**3. (202-844-5351)**

**1. Wednesday, September 6, 2017 at 4:56pm**

**4. (202-844-5408)**

**1.  Friday, August 18, 2017 at 9:19am**

**ORIGINAL VERIFIED COMPLAINT**
**~ 12 ~**

**2. Tuesday, August 21, 2017 at 9:47am**

**3. Tuesday, September 5, 2017 at 10:35am**

**5. (202-844-5274)**

**1. Friday, September 1, 2017 at 10:28am**

**6. (202-844-5338)**

**1. Thursday, August 31, 2017 at 4:23am**

**7. (202-844-5306)**

**1. Monday, August 14, 2017 at 4:47pm**

*Calling a consumer who has asked not to be called potentially exposes a seller and telemarketer to a civil penalty of $16,000 ($40,000 beginning 08/01/16) per violation. Violators will be subject to civil penalties of up to $16,000 ($40,000 beginning 08/01/16) per violation, as well as injunctive remedies.*

**VII.**                                                 **COUNT I**

### THE TELEPHONE CONSUMER PROTECTION ACT
### VIOLATIONS OF 47 U.S.C.§227(c)(5)
### FOR CALLS PLACED TO NUMBERS LISTED ON THE DO NOT CALL REGISTRY

34. Plaintiff alleges and incorporates the information in paragraphs 1 through 33.

35. Defendant(s) has demonstrated willful or knowing non-compliance with 47 USC § 227(c)(5) by calling Plaintiff Naeem Betz wireless telephone number 202-XXX-8063 that has been placed on the National Do Not Call Registry (DNC) since April 22, 2012, Plaintiff's number, which is assigned to a cellular telephone service. Plaintiff Naeem Betz has never consented in writing or verbally to Defendant(s) (DCI) Diversified Consultants Inc.. The DNC provision is a powerful section of the TCPA because it prohibits calls to both cell phone and residential lines, which are registered on the federal or company specific do-not call lists. It is not necessary to prove the

**ORIGINAL VERIFIED COMPLAINT**
**~ 13 ~**

telemarketer used an ATDS or used artificial or pre-recorded voice messages. Live calls to numbers registered on the DNC are prohibited.

36. *"See Attached Exhibit A - The email confirmation sent from the (FTC) Federal Trade Commission Verify@donotcall.gov to Plaintiff Naeem Betz confirming cellular telephone registry on the (FTC) National Do Not Call Registry on a number ending in 8063 on April 22, 2012." "See Attached Exhibit B - Screenshots of Cellular Telephone Call Records" "See Attached Exhibit C – Response Letters emailed to Plaintiff Naeem Betz from Diversified Consultants Inc., by way of the (CFPB) Consumer Financial Protect Bureau, (BBB) Better Business Bureau from Plaintiff(s) consumer initiated complaints". "See Attached Exhibit D – (FCC) Federal Communications Commission - Consumer Help Resources Know your Rights: The Rules on Robocalls and Robotexts."*

Consent or permission must be evidenced by a registrant's signed, written agreement to be contacted by the telemarketer. Id. § 64.1200(c)(2)(ii). The written agreement must also include the telephone number to which the calls may be placed. Id.

37. A person whose number is on the Registry and has received more than one telephone solicitation within any twelve-month period by or on behalf of the same entity in violation of the TCPA can sue the violator and seek the same statutory damages available under § 227(b) – the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations. 47 U.S.C. § 227(c)(5).

38. Each Defendant violated 47 U.S.C. § 227(c) by sending, either directly or through the actions of others, telephone solicitation calls to telephone numbers listed on the National Do Not Call Registry. The TCPA imposes liability on entities that do not directly place illegal calls. It has long been the law that a seller of goods or services can be liable for TCPA violations even if the

**ORIGINAL VERIFIED COMPLAINT**
**~ 14 ~**

seller does not directly place or initiate the calls. As explained by the FCC, the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations."

39. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995). The FCC reiterated this principle in 2005 when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party in the name of that company are treated as if the company itself placed the call."

40. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005). The FCC reaffirmed this in 2013, when it held (a) with respect to violations of § 227(b), a seller may be liable under principles of apparent authority, actual authority, and ratification for telemarketing violations placed by third parties, and (b) with respect to violations of § 227(c), a seller may be liable under those same principles, and, under the express terms of the statute, for calls placed "on behalf of" the seller. In re Joint Pet. Filed by Dish Network, 28 FCCR 6574 (2013).

41. Violation of § 227(c) for calls placed to numbers listed on the FCC - National Do Not Call Registry, each Defendant violated 47 U.S.C. § 227(c) by sending, either directly or through the actions of others, telephone solicitation calls to telephone numbers listed on the FCC - National Do Not Call Registry.

42. Defendant(s) has committed "12" plus separate violations of 47 USC § 227(c) and Plaintiff is entitled to damages of $500 per violation pursuant to 47 U.S.C. § 227(b) – the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations up to $1500 47

**ORIGINAL VERIFIED COMPLAINT**
**~ 15 ~**

U.S.C. § 227(c)(5). The acts and practices alleged in Paragraphs 1-42 constitute violations of section 47 U.S.C. § 227(c)(5).

52. The frequency of this unauthorized cellular telephone calls have facial plausibility that Plaintiff Naeem Betz has plead as factual content that will allow the court to draw the reasonable inference that the Defendant(s) is liable for their ***unlawful*** conduct and behavior. Assuming the truth of Plaintiffs factual allegations, the Court will find all claims to be facially plausible.

**IV.                        PRAYER FOR RELIEF**

53. **WHEREFORE,** Plaintiff demands judgment for monetary damages against the Defendant (DCI) Diversified Consultants Inc. et al., thirty thousand dollars for actual or statutory damages, punitive damages, attorney's fees and costs and further relief as the Court deems just and proper.

**X.                        DEMAND FOR JURY TRIAL**

54. Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 14th day of November, 2017

**XI.           <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>**
**<u>(DISRTICT OF COLUMBIA)</u>**

Plaintiff, Naeem Betz, states as follows:

I am the Plaintiff in this federal civil proceeding.

I believe that this Verified Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law. I believe that this Verified Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the

**ORIGINAL VERIFIED COMPLAINT**
**~ 16 ~**

Complaint. I have filed this Verified Complaint in good faith and solely for the purposes set forth in it. Each and every exhibit I have provided which has been attached to this Complaint is a true and correct copy of the original.

Except for clearly indicated redactions made by my Plaintiff Naeem Betz where appropriate, I have not altered, changed, modified or fabricated these exhibits.

Pursuant to 28 U.S.C. § 1746(2), Naeem Betz, hereby declare (or certify, verify or state) under penalty of perjury that under the laws of the United States of America that the foregoing is true and correct. Executed on November 14, 2017.

Naeem Betz
Plaintiff, In Propria Persona
ALL RIGHTS RESERVED

DATE: November 14, 2017

NAEEM BETZ
4244 HILDRETH ST.SE
WASHINGTON, D.C. 20019-9998
nobetzo@gmail.com

NAEEM BETZ
P.O. BOX 15714
WASHINGTON, D.C. 20003-9998

**XII**.                    <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 14th day of November, 2017 I filed the foregoing by CM/ECF System for District Court for the District of Columbia which will then send a notification of such filing. I further state under oath that I caused the forgoing, to be served on the parties listed below by United States Postal Service postage prepaid as a courtesy, on the following:

**ORIGINAL VERIFIED COMPLAINT**
**~ 17 ~**

1   I certify that a copy of the Verified Complaint will be served upon the Defendant(s), registered

2   agent, below in compliance with FRCP Rule 4; Pursuant to Local Civil Rules.

3   (DCI) Diversified Consultants Inc.
4   10550 Deerwood Park Blvd Suite #309
     Jacksonville, FL 32256
5   info@dcicollect.com

6                 *Defendant*

7   P.O. Box 551268 – Jacksonville, Florida 32255-1268 | (904) 247-5500 | 1-(800)-771-5361 |
8   https://www.dcicollect.com/

9

10  Ross S. Enders, Attorney | Sessions, Fishman, Nathan & Israel
     Direct: 215.794.7207 | Mobile: 215.262.6363 | Fax: 215.794.5079 | roenders@sessions.legal
11  2303 Oxfordshire Road, Furlong, PA 18925-1251

12  *Lead Attorney to be noticed for Defendant*

13

14

15

16

17  DATE: November 14, 2017

                            Naeem Betz
18                         Plaintiff, In Propria Persona
                           ALL RIGHTS RESERVED

19

20

21

22

23

24

25

26

27

28

**ORIGINAL VERIFIED COMPLAINT**
**~ 18 ~**